Gary M. Zadick
UGRIN ALEXANDER ZADICK, P.C.
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana  59403
Telephone:  (406) 771-0007
Facsimile:   (406) 452-9360

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| MIDWEST FAMILY MUTUAL INSURANCE COMPANY,<br><br>         Plaintiff,<br>   v.<br><br>TIFFANY CLONINGER, as Personal Representative of the Estate of Wendy Carlson, JUSTIN COLBY HALE BROWN, as the Personal Representative of the Estate of Steve Hale, and TROHN VENDING, LLC<br><br>         Defendants. | Cause No.  CV-21-80-GF-BMM-JTJ<br><br>**COMPLAINT FOR DECLARATORY RELIEF** |

COMES NOW Midwest Family Mutual Insurance Company (Midwest), by and through its counsel of record and for its Complaint against Defendants states and alleges the following:

1.     Midwest Family Mutual Insurance Company is an insurance company licensed to do business in the State of Montana.  Midwest Family Mutual Insurance

Company is organized under the laws of the State of Iowa with its principal place of business in West Des Moines, Iowa.

2. Defendant Tiffany Cloninger, the Personal Representative of the Estate of Wendy Carlson, is a resident and citizen of the State of Montana.

3. Defendant Justin Colby Hale Brown, the Personal Representative of the Estate of Steve Hale, is a resident and citizen of the State of Montana.

4. Trohn Vending, LLC is a Montana Limited Liability Company with its principal place of business in Great Falls, Cascade County, Montana. Upon information and belief the members or managers of Trohn Vending, LLC are John Enott and Troy Pfennings are citizens of Montana.

5. There is complete diversity of citizenship between the parties. The above-entitled Court has jurisdiction pursuant to 28 U.S.C. § 1332.

6. The amount in controversy exclusive of costs and attorneys fees exceeds the sum of $75,000.

7. The amount in controversy exceeds the sum of $75,000, exclusive of interests and costs because Defendants Tiffany Cloninger and Justin Colby Hale Brown, as Personal Representatives of the Estates of Wendy Carlson and Steve Hale have demanded $1 million dollars to settle the claims. *See*: **Exhibit A**, Letter dated May 27, 2021 attached hereto. Midwest is providing a defense to Trohn Vending,

LLC with respect to the demand under a reservation of rights.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because the events or omissions allegedly give rise to the demand and claims occurred within the District of Montana, specifically Great Falls, Cascade County, Montana.

9. Title 28 U.S.C. § 2201 authorizes this Court to grant the relief requested by Midwest.

10. Midwest issued a policy of insurance to Taco Treat of Great Falls, Inc. with effective dates from November 6, 2019 to November 6, 2020, Policy No. CPMT0560120384. A true and correct copy of the policy is attached hereto as **Exhibit B** by this reference is incorporated herein. Trohn Vending, LLC is an additional insured under said policy.

11. An actual controversy exists was to whether the criminal acts of Ricky Gardipee shooting employees and patrons inside the premises constitutes a covered event.

12. The Midwest Policy contains Exclusion d which provides in pertinent part:

> **d. Workers' Compensation And Similar Laws**
>
> Any obligation of the insured under a workers' compensation, disability benefits or unemployment compensation law or any similar law.

3

13.   The policy of insurance also contains an exclusion of injury to an employee which provides in pertinent part:

> **e.   Employer's Liability**
>
> "Bodily Injury" to:
> (1) An "employee" of the insured arising out of and in the course of:
> > (a)  Employment by the insured; or
> > (b)  Performing duties related to the conduct of the insured's business; or
> (2)  The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph (1) above.

14.   The policy also contains an each occurrence limit of $1 million dollars and an excess limit of $2 million dollars.  Claims previously presented by counsel for the Defendants on behalf of customers included a claim that each pull of the trigger by Ricky Gardipee constituted an occurrence.  Settlement of the prior claims has reduced the available limit and the incident constitutes only one occurrence under policy.

15.   Defendant Estates contend that Trohn Vending, LLC is liable for the murders of Wendy Carlson and Steve Hale who were casino employees based upon the contentions, as contained in **Exhibit A** that Trohn Vending, LLC was engaged in operating and managing the business with Trohn, LLC and Taco Treat of Great Falls. Defendant Estates also contend that decisions related to safety and security of Emerald City were made and directed by the operators of the business including Trohn Vending LLC.   Defendant Estates also contend that Trohn Vending LLC was

4

engaged in operating the business, that the profits of the business were shared among the entities operating the business, Taco Treat of Great Falls, Inc, Trohn LLC and Trohn Vending LLC and that the entities have common management.

16. Workers' Compensation benefit claims were filed behalf of the Estates of Carlson and Hale who were employed at the business.

17. As evidenced by **Exhibit A**, Defendant Estates contend that Trohn Vending LLC was actively engaged in operating and managing the business and therefore Exclusions d and e referenced above are effective to exclude coverage for the claims presented. Similar allegations were made in pleadings by counsel on behalf of the injured customers in a prior underlying suit.

18. The decedents were employed at the business and were murdered while at work and on duty by Ricky Gardipee. The Exclusions referenced above and the workers compensation exclusivity doctrine apply to the joint employment based upon the claims and allegations of the Defendant Estates.

## **PRAYER FOR RELIEF**

WHEREFORE, Midwest requests this Court enter judgment against these Defendants by declaring that:

1. There was only one occurrence alleged in the claims;

2. The claims are excluded by Exclusions d and e;

3. For recovery of its costs incurred herein as allowed by law; and

4. For such other and further relief as may be necessary and proper to effectuate the declaratory relief granted herein.

DATED this 25th day of June, 2021.

UGRIN ALEXANDER ZADICK, P.C.

By: /s/ Gary M. Zadick
Gary M. Zadick
#2 Railroad Square, Suite B
P.O. Box 1746
Great Falls, Montana 59403